

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 21 2015

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

GLAY H. COLLIER, II, ET AL        CIVIL ACTION NO. 15-CV-2119

VERSUS                             JUDGE ELIZABETH ERNY FOOTE

JOHN S. HODGE, TRUSTEE             MAGISTRATE JUDGE MARK HORNSBY

---

### ORDER

Before the Court is an Ex-Parte Motion for Stay Pending Appeal filed by Appellants, Glay H. Collier; II; Glay H. Collier, LLC; and McBride and Collier, LLC (collectively, "Collier").[1] For the reasons given below, Collier's motion is **DENIED**.

I.  **Factual and Procedural Background**

At a July 27, 2015 hearing, the United States Bankruptcy Court for the Western District of Louisiana reviewed voluminous evidence from several different lawsuits involving Collier and ultimately held that, under 11 U.S.C. § 526(c)(5)(B), Collier is barred from practicing consumer bankruptcy law in the Western District for three years.[2] Specifically,

---

[1] Record Document 3. Although the original suit included Glay H. Collier, LLC and McBride and Collier, LLC, the bankruptcy court order that is the subject of the pending appeal in this Court only concerns Defendant Glay H. Collier, II. Therefore, although all three Defendants are included in the appeal, the Court will only refer to Defendant Glay H. Collier, II, as he is the individual Defendant who is the subject of the bankruptcy court's order.

[2] Record Document 1.

the court's order prohibits Collier from providing "bankruptcy assistance" to any "assisted persons," as those terms are defined in 11 U.S.C. § 101, until July 26, 2018.[3]

11 U.S.C. § 101(3) defines an "assisted person" as "any person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $186,825." The term "bankruptcy assistance" means any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at a creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under the title. 11 U.S.C. § 101(4A).

On July 28, 2015, Collier filed an ex-parte motion with the bankruptcy court to stay the above order, which was denied by the court on August 3, 2015.[4] On July 30, 2015, Collier filed an appeal with this Court, challenging the bankruptcy court's order prohibiting him from practicing consumer bankruptcy law.[5] Collier then filed the instant motion to stay the bankruptcy court's order with this Court. The bankruptcy trustee, John S. Hodge ("Hodge"), has opposed the motion.[6]

---

[3]Record Document 4-4.

[4]Case Number 14-AP-01009, Record Documents 38 and 51.

[5]Record Document 1.

[6]Record Documents 3 and 5.

## II. Law and Analysis

A district court's decision to grant or deny a stay pending appeal rests in the discretion of the court. In re First South Sav. Ass'n, 820 F.2d 700, 709 (5th Cir. 1987). However, a district court's exercise of its discretion must be made with consideration of the four criteria enumerated by the Fifth Circuit for a stay pending appeal. Id. The four criteria are: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. Id. (citations omitted). The Fifth Circuit does not require a movant to satisfy all four prongs of the test. Id. at 709 n.10.; See also In re Mounce, No. 03-55022, 2008 WL 2714423 at *2 (Bankr. W.D. Tex. July 10, 2008). The burden of proof, which is a preponderance of the evidence, is on the party seeking the stay. See In re Player Wire Wheels, Ltd., 428 B.R. 767, 771 (Bankr. N.D. Ohio 2010). The Court will address each of the four criteria below.

### A. Likelihood of Success on the Merits

The Fifth Circuit has stated that "the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." First S. Sav. Ass'n, 820 F.3d at 704. The Court must first note that Collier's arguments regarding the merits of his case do not dispute the veracity of the bankruptcy court's findings but instead challenge whether the court's

suspension of Collier's bankruptcy practice is statutorily authorized. Specifically, Collier argues that section 526(c)(5) of the Bankruptcy Code does not permit the bankruptcy court to suspend or bar him from the practice of consumer bankruptcy law.[7] He also argues that his suspension from consumer bankruptcy law is in violation of Fifth Circuit precedent and subverts a pending disciplinary proceeding before the district court.[8] Further, Collier argues that the imposition of such a penalty under section 526(c)(5) is effectively a criminal sanction, instead of the civil sanction that is allowed under that section.[9] Hodge argues that Collier has done no more than suggest a mere "possibility" of success on the merits because the bankruptcy court's order was based upon an undisputed fact record and supported by case law.[10]

Section 526(c)(5) of the Bankruptcy Code allows the bankruptcy court to impose an appropriate injunctive or civil penalty against a person who intentionally violates the section or engages in a clear and consistent pattern or practice of violating this section. 11 U.S.C. § 526(c)(5)(A) and (B). Collier raises an interesting argument that the statute was not meant to authorize a punishment as extreme as barring an attorney from practice before a court.[11] Collier supports his statutory interpretation argument with case law. However,

---

[7] Record Document 4, p. 7.

[8] Id.

[9] Id.

[10] Record Document 5, p. 4.

[11] Record Document 4, pp. 7-9.

as Hodge noted, the bankruptcy court supported its order with case law, wherein courts have used Section 526(c)(5) to disbar attorneys who violated that section.

The Court is mindful that this is not the appropriate motion to determine the merits of Collier's appeal of the bankruptcy court's order, and the parties have not provided the Court with the information to do so. However, the Court finds that Collier has provided a valid statutory interpretation argument, which he supported with specific citations to legal authority. Therefore, the Court finds that Collier has presented sufficient evidence that amounts to more than a mere possibility of success on the merits.

**B.     Irreparable Harm**

In evaluating the harm that will occur, a court should look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 154 (6th Cir. 1991). The Supreme Court has stated that "the key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." Sampson v. Murray, 415 U.S. 61, 90, 94 S. Ct. 937, 953 (1974).

Collier argues that he will suffer irreparable harm if he is not allowed to practice consumer bankruptcy law for three years.[12] Collier states that he has 1,782 clients with pending cases before the bankruptcy court and that consumer bankruptcy law is the only

---

[12]Record Document 4, p.13.

type of law he practices. Collier contends that he will lose his business if a stay is not ordered by this Court.[13]

The Court does not find this argument persuasive. The bankruptcy court's order prevents Collier from practicing a very specific type of law in the Western District bankruptcy court. Although Collier repeatedly refers to the bankruptcy court's sanctions as "disbarment" and argues that his business will be shut down if there is no stay on the order, the Court notes that Collier has not been disbarred or suspended from the practice of law. The bankruptcy court's order prevents Collier from providing "bankruptcy assistance" to "assisted persons" in the Western District bankruptcy court for a term of three years. Collier is able to provide legal assistance to all other types of clients, including non-consumer clients in bankruptcy court.

The bankruptcy court's order is for a limited term and applicable to a limited subsection of clients for a particular type of law. This Court must also note that any potential stay of the bankruptcy court's order at this point in the litigation would only last until the completion of Collier's appeal, which will certainly be less than three years. If Collier's appeal is successful, then the bankruptcy court's order would be terminated at that time. As such, this Court cannot find that the imposition of the bankruptcy court's order is tantamount to the failure of Collier's legal practice when he is still free to offer his professional services to clients outside of this very narrow legal realm.

---

[13] Id.

Additionally, Collier's argument that his clients will be irreparably harmed by the bankruptcy court's order is unfounded. The bankruptcy court has taken steps to alert Collier's clients as to the effect of that court's order and to the steps they can take to find new counsel.[14] Collier has the ability, if not the desire, to refer his clients to other competent counsel, with the support of the bankruptcy court. As such, Collier's only remaining argument goes to the economic damages he will suffer as a result of the order. Considering the above, the Court finds that Collier has not presented sufficient evidence that he will suffer irreparable harm if the stay is denied.

### C. Substantial Harm to Other Parties

Collier argues that there will be no substantial harm done to other parties because the only other party in the underlying bankruptcy suit is Hodge, the bankruptcy trustee.[15] Hodge argues that allowing Collier to continue to practice consumer bankruptcy would cause significant harm because "Collier has a long history of ignoring, circumventing or failing to comply with: (a) orders issued by this Court; and (b) statutory duties and injunctions imposed by the Bankruptcy Code."[16]

The Court finds Collier's arguments unpersuasive. The bankruptcy court's order details the numerous, substantial, willful, and knowing violations of the Bankruptcy Code

---

[14]Order dated August 5, 2015, Case Number 12-13457.

[15]Record Document 4, p. 14.

[16]Record Document 5, p. 5.

that Collier has perpetrated in hundreds of cases.[17] In addition, the bankruptcy court's order describes Collier's violations of not only the court's direct orders but also several violations of federal criminal law.[18] As an example, the bankruptcy court found that:

> Collier knowingly and fraudulently concealed from the Chapter 13 Trustee that wages of the debtor has been used to repay the filing fee to Mr. Collier. That section provides criminal penalties for a person who "knowingly and fraudulently conceals from a custodian, trustee, marshal, or other office of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States trustee, any property belonging to the estate of a debtor." The Court notes that the Chapter 13 Trustee is an officer of the court charged with the control or custody of property belonging to the estate of the debtor, specifically a debtor's wages or income.[19]

Considering the significant harm that has been perpetrated by Collier on the bankruptcy court and its trustees, this Court must find that allowing a stay of the bankruptcy court's order would cause substantial harm to the other party, and this factor weighs heavily in favor of denying the stay of the bankruptcy court's order.

### D. The Public Interest

Collier argues that if this Court does not grant the stay, his current clients would be disadvantaged, which would not be in the public's interest.[20] The Court strongly disagrees with this argument. As stated above, the bankruptcy court has taken steps to

---

[17]Record Document 4-4, Ex. D, pp. 3-26.

[18]Id. at pp. 26-27.

[19]Id. at p. 27.

[20]Record Document 4, p. 15.

ensure that Collier's current bankruptcy clients receive adequate relief.[21] However, more critically, the Court must take notice of the hundreds of serious violations of law that the bankruptcy court has described regarding Collier's practice of law before that court. The bankruptcy court's order details not only the ways that Collier has committed fraud upon the court and violated federal law, but also that, in addition to the millions of dollars he has collected from the Western District bankruptcy trustees, he has collected untold amounts of money in unlawful filing fees from his clients.[22] The bankruptcy court's order noted several times that Collier's poor record keeping will likely prevent that court from ever knowing the full extent of the fraud perpetrated by Collier. Considering the above, the Court finds that this factor weighs heavily in favor of denying a stay of the bankruptcy court's order.

### E. The First Savings Test

In sum, while Collier has raised a potentially viable statutory interpretation argument as to the success of his appeal, the other three elements of the test weigh heavily in favor of denying a stay of the bankruptcy court's order. Case law is clear that the mere possibility of success on the merits of an appellant's appeal alone is not sufficient to justify a stay of the bankruptcy court's order. For example, in Griepentrog, 945 F.2d at 153-54, the court held that:

> To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of

---

[21] Id.

[22] Record Document 4-4, Ex. D, pp. 12-15.

success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits.

The Court has found that Collier has presented more than just a "possibility" of success on the merits. However, the Court has also found that the remaining three criteria weigh heavily in favor of denying the stay. Particularly, the Court cannot discount the degree of potential harm to the bankruptcy court, its Trustees, and the general public, particularly Collier's clients, that a stay of the bankruptcy court's order could present. Thus, applying the above standards to the present case, the Court finds that Collier has not demonstrated the need for a stay, and his motion for stay pending appeal shall be **DENIED**.

### III. Conclusion

For the forgoing reasons, **IT IS ORDERED** that Plaintiffs' Ex Parte Motion For Stay Pending Appeal is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this __ day of August 2015.

Elizabeth Erny Foote
United States District Judge